DONNA L. JONES AND FRANKLIN J. JONES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 28334-84.
United States Tax Court
T.C. Memo 1985-516; 1985 Tax Ct. Memo LEXIS 117; 50 T.C.M. (CCH) 1230; T.C.M. (RIA) 85516; September 30, 1985. Franklin J. Jones, pro se. Robert A. Johnson, for the respondent. GUSSIS
MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(d) [1] and General Order No. 8 of this Court, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioners' Federal income taxes for the years 1980 and 1981 in the respective amounts of $1,488 and $3,261. The issue is whether petitioners are entitled to a deduction for legal fees in 1980 and 1981 in the amounts of $4,000 and $7,800, respectively. Some of the facts have been stipulated and they are so found. Petitioners were residents of Willcox, Arizona at the time the petition herein was filed. Petitioners are the maternal grandparents of Christopher Stephen Roberts. Christopher is the son of petitioners' daughter Kathy and Steve Roberts who were married in 1971 and were divorced in approximately September 1974, with Kathy obtaining custody of the child. Kathy *119 and Christopher lived with petitioners from late 1973 to August 1976 and then lived with one Allen Pauley until the end of 1977. Christopher was hospitalized with a broken leg in the fall of 1977 and in November 1977 was taken to the home of his paternal grandparents. At that time Christopher showed signs of severe neglect. Christopher was returned to his mother and Allen Pauley in February 1978. In June 1978 petitioners brought Christopher to their home and he has lived with them since that date. In 1980 and 1981 petitioners incurred legal fees in connection with an action brought by them to sever the parental rights of Christopher's parents. On August 17, 1981, the Superior Court of the State of Arizona (Puma county) concluded (1) that the natural father of Christopher abandoned him within the meaning of section 8-533(A)(1), Ariz. Rev. Stat. Ann. (1984), (2) that the best interests of the child would be served by termination of the parental relationship between the child and his natural father and (3) that the parental relationship between the natural father and Christopher is hereby severed. [2]
*120 Petitioners claimed a deduction for legal fees of $4,000 and $7,800 incurred with respect to the action to sever the parental rights of Christopher's parents which were disallowed by respondent.[3] The stipulation of the parties shows that petitioners incurred legal fees of $1,300 in 1980 and $7,895 in 1981. With respect to 1980, petitioners have failed to meet their burden of showing that they incurred legal fees in excess of $1,300. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We conclude therefore that petitioners incurred legal fees of $1,300 and $7,895 in 1980 and 1981 respectively. However, section 262 provides that no deduction shall be allowed for personal, living or family expenses except "as otherwise expressly provided in this chapter." It is readily apparent that the legal expenses incurred by petitioner in severing the parental rights of Christopher's parents were uniquely personal and family expenses arising as they did from petitioners' deep concern for the welfare of their grandchild. It is clear that such expenditures fall squarely within the ambit of section 262. *121 We have considered the possible application of section 222 under these particular facts. Section 222, which applies to taxable years beginning after December 31, 1980, permits a deduction (not exceeding $1,500) for "qualified adoption expenses" incurred during the taxable year. The term "qualified adoption expenses" is defined in section 222(c)(1) as "adoption fees, court costs, attorney fees, and other expenses which are directly related to the legal adoption of a child with special needs * * *." Section 222(c)(2) defines the term "child with special needs" as "any child determined by the State to be a child described in paragraphs (1) and (2) of section 473(c) of the Social Security Act." Section 473 of the Social Security Act is codified at 42 U.S.C. sec. 673 (1982) which states in relevant part as follows in subsection 673(c): For purposes of this section, a child shall not be considered a child with special needs unless - (1) the State has determined that the child cannot or should not be returned to the home of his parents; and (2) the State has first determined (A) that there exists with respect to the child a specific factor, or condition (such *122 as his ethnic background, age, or membership in a minority or sibling group, or the presence of factors such as medical conditions or physical, mental, or emotional handicaps) because of which it is reasonable to conclude that such child cannot be placed with adoptive parents without adoption assistance, and (B) that, except where it would be against the best interests of the child because of such factors as the existence of significant emotional ties with prospective adoptive parents while in the care of such parents as a foster child, a reasonable, but unsuccessful effort has been made to place the child with appropriate adoptive parents without providing adoptive assistance under this section. Arizona statutes explicitly define "foster child" as a child placed in a foster home or child welfare agency and further define foster home as a home maintained by any individual or individuals having the care or control of minor children, other than those related to each other by blood or marriage or related to such individuals, or who are legal wards of such individuals. See Arizona Rev. Stat. Ann. (1984), sections 8-501(3) and 8-501(4). Here, we do not believe that the expenses incurred *123 by petitioner in their legal efforts apparently commencing in 1978 to terminate the parental relationship between Christopher and his parents can be viewed as "directly related" to legal adoption proceedings within the meaning of section 222. Under Arizona statutes an adoption proceeding is a separate and distinct process entailing petitions, hearings, preliminary social studies and court orders subject to appeals. See Arizona Rev. Stat. Ann. (1984), section 8-101 et seq. The present record fails to establish any direct connection to the statutory adoption proceedings outlined under Arizona law. Moreover, it is evident that section 222, by further linking the term "qualified adoption expenses" to those involving the legal adoption of a child with special needs as defined in 42 U.S.C. 673(c), deliberately limits the scope of the statute. In short, we do not believe that the circumstances presented in this record portray a situation envisaged by the narrowly circumscribed statute.We must therefore conclude that the provisions of section 222 are inapplicable here with respect to the year 1981. We hold on the basis of the entire record that petitioners are *124 not entitled to deductions for the legal fees incurred by them in 1980 and 1981. Respondent is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. In its findings of fact the Superior Court noted various prior legal actions undertaken by petitioners to protect Christopher including "an attempt to obtain legal guardianship having Chris declared a neglected child and placed in the legal custody of the Department of Economic Security with actual possession of the child with the petitioners, filing a severance action against their own daughter, Kathy, and filing and prosecuting the instant action."↩
3. Petitioner also incurred certain medical expenses on Christopher's behalf in 1980 which they Claimed as deductions on their 1980 returns. The deductions were allowed by respondent in full. The record indicates that no such medical expenses were incurred in 1981 and, in fact, none were claimed on petitioners' 1981 return.↩